

**NOT FOR PUBLICATION**

DEC 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH LOMBARDI; KATHLEEN O'BRIEN; ROBERTA PIFER; EDWARD PIFER; CHRISTINE SCHUESSLER; CHRISTINE SLAKANS; GARY SMITH; SANDRA JOHANNES; IRA BOSHNACK,<br><br>   Plaintiffs-counter-defendants - Appellees,<br><br>   and<br><br>TRACY TWYMAN; ANNETTE KAHALY; JOHN MULEA; MAUREEN VAN METER; CAROLYN FORBES; LOUIS M. WILSON; PAUL CANNON; SEAN MURRAY; HOYT MCBROOM; PATRICIA WILSON; DOROTHY JONES; JOSHUA FOLKERTH; RENATO CAPPUCCITTI; DAVID WARD; KEITH HARPER; JANA HARPER; PAUL BRICE; KAREN BRICE; ALICE M. BRODE, individually and on behalf of all others similarly situated; JACK E. BRODE, individually and on behalf of all others similarly situated; EBEN PAGUIRIGAN, individually and on behalf of all others | No. 10-56602<br><br>D.C. No. 8:09-ml-02093-AG-AN<br><br>MEMORANDUM* |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

similarly situated; TARA MURRAY,

        Plaintiffs-counter-defendants,

    v.

DIRECTV, INC.,

        Defendant-counter-claimant -
        Appellant.

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 5, 2013
Pasadena, California

Before: GOODWIN, FISHER and CLIFTON, Circuit Judges.

DirecTV appeals the district court's order denying its motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we reverse.

The district court denied DirecTV's motion because of the arbitration agreement's class action waiver, which the court concluded was unconscionable under California, Arizona, Florida and Pennsylvania law. After DirecTV noticed this appeal, the Supreme Court held that the Federal Arbitration Act (FAA) "prohibits States from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1744, 1753 (2011). The plaintiffs

argue that the district court should nonetheless be affirmed on alternative grounds, though they concede that intervening binding authority has eliminated all of their arguments except one, that the arbitration agreement is unconscionable and unenforceable. *See Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2311-12 (2013); *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1225-28 (9th Cir. 2013).

A threshold issue is which states' laws should be used to evaluate various plaintiffs' unconscionability argument. The district court applied California law to residents of other states who originally sued DirecTV in California based on California's "fundamental policy against the enforceability of class-action waivers." *Masters v. DirecTV, Inc.*, Nos. 08-55825, 08-55830, 2009 WL 4885132, at *1 (9th Cir. Nov. 19, 2009). That policy is no longer cognizable in arbitration agreements governed by the FAA. *See Concepcion*, 131 S. Ct. at 1753. Accordingly, the choice of law provision in the Customer Agreement must be enforced because the plaintiffs have identified no other conflict between the laws of their home states and a fundamental policy of California. *See Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1152 (Cal. 1992); *see also Wash. Mut. Bank, FA v. Superior Court*, 15 P.3d 1071, 1079 (Cal. 2001).

Under applicable state law, the plaintiffs' argument that the arbitration agreement is substantively unconscionable because it imposes a nonmutual

3

obligation to arbitrate fails. First, the arbitration agreement is enforceable under Arizona and Illinois law because it is supported by adequate consideration, including DirecTV's reciprocal promise to arbitrate any claims outside of the exceptions for theft of service. *See, e.g.*, *Bishop v. We Care Hair Dev. Corp.*, 738 N.E.2d 610, 622-23 (Ill. App. Ct. 2000); *Stevens/Leinweber/Sullens, Inc. v. Holm Dev. & Mgmt., Inc.*, 795 P.2d 1308, 1313 (Ariz. Ct. App. 1990). Second, because the arbitration agreement does not require customers to surrender any claims or damages they could seek in court, it is not substantively unconscionable under Florida law. *See, e.g.*, *Avid Eng'g, Inc. v. Orlando Marketplace, Ltd.*, 809 So.2d 1, 5 (Fla. Dist. Ct. App. 2001). Third, under Pennsylvania law, the party seeking to invalidate an arbitration agreement bears the burden of proving that it is unconscionable and the unilateral reservation of judicial remedies for some claims but not others does not create a presumption of unconscionability. *See Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 129 (Pa. 2007). The plaintiffs have failed to meet this burden because their argument rests solely on the relative availability of litigation and arbitration; they have identified no arbitral terms that unreasonably benefit DirecTV or that prevent them from fully presenting their claims in arbitration. *See, e.g.*, *Ellin v. Empire Today, LLC*, Civil Action No. 11-2312, 2011 WL 3792754, at *5-6 (E.D. Pa. Aug. 24, 2011). Finally, the plaintiffs

4

have not argued that the arbitration agreement is unconscionable under Virginia law.

Of the relevant states, only Illinois recognizes circumstances in which a contractual provision is unenforceable due to procedural unconscionability alone. *See Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 263 (Ill. 2006). There is no evidence supporting the plaintiffs' contention that DirecTV charges an early cancellation fee when a customer rejects the arbitration agreement. In fact, DirecTV's confirmation letter explains that disputes are subject to arbitration, provides a URL for the Customer Agreement and informs the customer that it will issue a full refund if service is cancelled before installation. Although the arbitration agreement is an adhesion contract and "there are circumstances . . . that evidence a degree of procedural unconscionability," that degree "is insufficient to render the arbitration provision unenforceable." *Bess v. DirecTV, Inc.*, 885 N.E.2d 488, 497-98 (Ill. App. Ct. 2008).

**REVERSED AND REMANDED.**